**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Mersad Rahmanovic<br><br>Debtor. | Case No. 25-12622 MER<br><br>Chapter 7 |

**ORDER DENYING MOTION TO RECONSIDER**

      THIS MATTER comes before the Court on Secured Creditor Keirton, Inc.'s Motion for Reconsideration of Order Granting Debtor's Motion to Reinstate Case ("**Motion**") and the Debtor's Objection thereto.[1]

      The Debtor filed this case on April 30, 2025, under Chapter 13 of the Bankruptcy Code. On June 6, 2025, one of the Debtor's creditors, Keirton, Inc. ("**Keirton**") filed a motion to dismiss the Debtor's bankruptcy case pursuant to § 1307(c) or, alternatively, for relief from the automatic stay ("**Motion to Dismiss**") so it could foreclose on real property owned by the Debtor known as 1607 South Oakland Street, Aurora, Colorado 80012 ("**Property**").[2] In its Motion to Dismiss, Keirton asserted, among other things, the Debtor's only reason for filing the instant bankruptcy case was to prevent and delay the sheriff's sale of the Property. Keirton also asserted the Debtor's case had been filed in bad faith because the Debtor claimed a homestead exemption in the Property despite having previously advised Keirton the Property was a rental property. No party, including the Debtor, objected to the Motion to Dismiss. Instead, the Debtor converted the case to Chapter 7 one day before the deadline to object to the motion.[3] The Court granted the Motion to Dismiss because no party objected.[4] Two days later, the Debtor filed a motion to reinstate the case ("**Motion to Reinstate**"), asserting, among other things, that he believed converting the case resolved the issues raised in the Motion to Dismiss.[5] No one, including Keirton, objected to the Motion to Reinstate. As such, the Court granted the motion ("**Reinstatement Order**").[6]

---

[1] ECF Nos. 65 & 68.

[2] ECF No. 31.

[3] ECF No. 46.

[4] ECF No. 53. The Court granted the Motion to Dismiss in part. In its Motion to Dismiss, Keirton also requested the case be dismissed with prejudice, and that a 180-filing bar be placed on the Debtor. The Court denied Keirton's request to dismiss the case with prejudice and declined to impose a 180 bar on filing another bankruptcy.

[5] ECF No. 54.

[6] ECF No. 57.

Keirton filed the instant Motion on August 25, 2025, asserting the Reinstatement Order should be vacated because creditors did not receive notice of the Motion to Reinstate, nor was there an opportunity for a hearing.[7] Keirton also asserts the Reinstatement Order should be vacated because the Debtor failed to provide any legal grounds for reinstatement.[8] The Debtor opposes the Motion, asserting the provisions for dismissal pursuant to § 1307(c) were no longer applicable once the Debtor's case was converted. The Debtor also claims there is no equity in the Property, and the only reason he converted to a Chapter 7 is to discharge his remaining personal liability for all debts.

The Bankruptcy Code does not contain a provision governing the reinstatement of bankruptcy cases. Rather, "reinstatement is a judicially created fiction, designed to spare debtors the burden of filing a new case."[9] Bankruptcy courts have typically treated motions to reinstate as requests to vacate a dismissal order, thus implicating Rule 60(b) (incorporated by Fed. R. Bankr. P. 9024).[10] Pursuant to Rule 60(b), the Court may relieve a party from final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

Here, Keirton asserts the Reinstatement Order should be vacated because the Motion to Reinstate was procedurally and substantively deficient; therefore, the Court granted it by mistake.[11] Keirton argues the Motion to Reinstate was procedurally inadequate because the Debtor did not give creditors notice of the motion, nor was there an opportunity for a hearing. The Court disagrees. Local Bankruptcy Rule 9013-1(a)(2) requires certain motions to be noticed when the statute, rule, or Court order on which the motion is based requires "notice and a hearing." Here, neither Rule 60(b) nor its bankruptcy counterpart requires the movant to give notice or for the Court to hold a

---

[7] ECF No. 65 at ¶¶ 8 & 11.

[8] *Id.* at ¶ 22.

[9] *In re Murphy*, 493 B.R. 576, 579 (Bankr. D. Colo. 2013).

[10] *In re Lampman*, 494 B.R. 218, 222 (Bankr. M.D. Pa. 2013) (*citing Cole v. Household Fin (In re Cole)*, 382 B.R. 20, 24-25 (Bankr. E.D.N.Y. 2008); *In re Searcy*, 313 B.R. 439, 442 (Bankr. W.D. Ark. 2004); *Diviney v. NationsBank of Texas (In re Diviney)*, 211 B.R. 951, 962 (Bankr. N.D. Okla. 1997); *France v. Lewis & Coulter, Inc. (In re Lewis & Coulter, Inc.)*, 159 B.R. 188, 191 (Bankr. W.D. Pa. 1993)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[11] Fed. R. Civ. P. 60(b)(1).

2

hearing before the Court can consider the relief requested under the rule.[12] Because notice is not required, the Local Rules impose a 14-day deadline on parties who wish to object to a Rule 60(b) motion.[13] Any party wishing to object to a motion or request a hearing must do so before the expiration of the deadline.[14] Failure to timely object may be deemed a waiver of any opposition to the Court granting the motion.[15]

Here, Keirton was electronically served with a copy of the Motion to Reinstate on July 9, 2025.[16] Keirton failed to file an objection, request a hearing, or seek an extension of the deadline by July 23, 2025.[17] As such, the Court deemed Keirton's failure to timely object as a waiver of its opposition to the Court granting the Motion to Reinstate. Therefore, the Court finds Keirton's assertion that the Reinstatement Order must be vacated because it was not given notice or an opportunity for a hearing to be meritless.

Next, Keirton contends the Order should be vacated because the Debtor did not give sufficient legal grounds for reinstating his bankruptcy case. While the Motion to Reinstate did not specifically address Rule 60(b), the Debtor nonetheless argued the Court was mistaken in granting the Motion to Dismiss because the Debtor converted the case to a Chapter 7 prior to the objection deadline for the Motion to Dismiss, thus rendering the provisions for dismissal of a Chapter 13 case inapplicable. The Court did not address the Debtor's argument because, as previously stated, it deemed Keirton's failure to respond to the Motion to Reinstate as a waiver of its opposition to the Court granting the motion, and no other party objected. Notwithstanding the uncontested nature of the Motion to Reinstate, there are practical reasons to reinstate the Debtor's case.

Permitting reinstatement of a previously dismissed case promotes practicality and efficiency. "If the court did not permit reinstatement and a debtor had to file a new case, he would have to prepare new schedules and pay another filing fee . . . To ameliorate these harsh results, courts have created the fiction of 'reinstatement' to achieve a just and practical result."[18] Here, the Debtor likely would have refiled his bankruptcy case had the Court not granted the Motion to Reinstate. The Debtor even admits in his response to the Motion that if the Court vacates the Reinstatement Order,

---

[12] Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

[13] L.B.R. 9013-1(a)(5)(A).

[14] L.B.R. 9013-1(b).

[15] *Id.*

[16] ECF No. 54 at 2.

[17] L.B.R. 9013-1(a)(5)(A).

[18] *In re Murphy*, 493 B.R. at 579.

he will file a new Chapter 7 case.[19] As such, all parties, including Keirton, are in the same position they would have been in had the Court not granted the Motion to Reinstate. Further, Keirton is not without a remedy in this case. Indeed, Keirton recently filed an adversary proceeding seeking to deny the Debtor his discharge pursuant to § 727(a)(4).[20] Given the adversary proceeding and the above, there is no just reason to vacate the Reinstatement Order. Therefore, the Court

ORDERS, the Motion is DENIED. The Court

FURTHER ORDERS the hearing on the Motion set for November 24, 2025, at 1:30 p.m. is VACATED.

Dated November 18, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[19] ECF No. 68 at 2, ¶ 9.

[20] Adv. Proc. No. 25-01388; *See In re DeFrantz*, 454 B.R. 108, 114 (9th Cir. B.A.P. 2011) (finding that creditor's argument conversion to a chapter 7 can be used to escape the consequences of a motion to dismiss pursuant to § 1307(c) meritless because a chapter 7 debtor can still be denied a discharge under § 727).