**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Mersad Rahmanovic<br><br>Debtor. | Case No. 25-12622 MER<br><br>Chapter 7 |

**ORDER RE: NOTICE OF RETALIATORY LITIGATION**

     THIS MATTER comes before the Court on the Notice of Retaliatory Litigation Conduct and Motion to Compel Cessation of Bad-Faith Filings by Creditor Keirton, Inc. and its Counsel, Buchalter P.C. ("**Motion**") filed by the Debtor, Keirton Inc.'s ("**Keirton**") response thereto, the Debtor's reply, and Keirton's Request for Judicial Notice in Support of its Response and Opposition to Notice of Retaliatory Conduct and Motion to Compel Cessation of Bad Faith Filings ("**Judicial Notice Request**").[1]

     The Debtor commenced this Chapter 13 bankruptcy case on April 3, 2025. On June 6, 2025, Keirton filed a motion to dismiss the Debtor's case ("**Dismissal Motion**").[2] No party, including the Debtor, objected to the Dismissal Motion. Instead, the Debtor converted his case to a Chapter 7 one day before the deadline to object to the Dismissal Motion.[3] Because there were no objections to the Dismissal Motion, the Court granted it on July 7, 2025.[4] A few days later, the Debtor filed a motion to reinstate his bankruptcy case ("**Reinstatement Motion**").[5] No one, including Keirton, objected to the Reinstatement Motion. As such, the Court granted the Reinstatement Motion on August 13, 2025.[6] Keirton timely filed a motion to reconsider the order granting the Reinstatement Motion ("**Motion to Reconsider**"), to which the Debtor objected.[7] The Court entered an order denying the Motion to Reconsider on November 18, 2025.[8]

     The Debtor filed the instant Motion on October 27, 2025. He asserts, among other things, that Keirton filed a Certificate of Contested Matter and Request for Hearing ("**Certificate of Contested Matter**") only a few hours after it filed a motion to dismiss a state court case ("**State Dismissal Motion**") filed by the Debtor against Keirton in the

---

[1] ECF Nos. 77, 82, 83, & 98.

[2] ECF No. 31.

[3] ECF No. 44.

[4] ECF No. 53.

[5] ECF No. 54.

[6] ECF No. 57.

[7] ECF Nos. 65 & 68.

[8] ECF No. 95.

District Court for Denver County, Colorado ("**State Court Case**").[9] The Debtor argues that the simultaneous filing of the Certificate of Contested Matter and the State Dismissal Motion suggests that Keirton is targeting and retaliating against him, and that the Certificate of Contested Matter was filed solely to harass the Debtor, increase litigation costs, and discourage him from pursuing civil rights claims in state court. Therefore, the Debtor seeks an order from this Court: (1) taking judicial notice of the State Court Case and identical counsel overlap; (2) finding that the filings by Keirton constitute retaliatory litigation pursuant to § 105(a) and Fed. R. Bankr. P. 9011; (3) strike or deny the Motion to Reconsider and Certificate of Contested Matter; (4) order that Keirton, as well as its counsel, refrain from filing further motions or pleadings in this case without prior court authorization; and (5) award the Debtor costs and reasonable expenses incurred in responding to Keirton's filings.[10]

Keirton objects to the relief sought in the Motion. In support of its objection, Keirton argues the Debtor misunderstood the application of Rule 9011, did not comply with the "safe harbor" provisions of Rule 9011, and that the Debtor has not stated sufficient grounds for the Court to impose sanctions on Keirton.[11] Keirton also requests the Court take judicial notice of several filings in the State Court Case.[12] In response, the Debtor asserts that despite his references to Rule 9011, the Motion is only made pursuant to § 105(a). The Debtor also asserts the Motion is not seeking monetary sanctions or attorney fees, and that the Debtor's request is for the Court to issue relief pursuant to § 105(a) "to prevent further duplicative, harassing, or retaliatory filings by [Keirton] or its counsel."[13]

## ANALYSIS

Despite his assertion that Rule 9011 does not serve as a basis for the instant Motion, the Debtor cites to both Rule 9011 and § 105(a) in support of his requested relief. As such, the Court will address whether the Debtor's requested relief is permitted under both Rule 9011 and § 105(a).

Rule 9011 is the bankruptcy counterpart to Fed. R. Civ. P. 11. Like Fed. R. Civ. P. 11, Rule 9011 requires that a "pleading be, to the best of the signer's knowledge, well-grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose."[14] "In assessing an alleged violation of Rule 9011, a court must evaluate an attorney's conduct under a standard of objective reasonableness."[15]

---

[9] ECF No. 73; Case No. 25CV765

[10] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[11] Any use of the term "Rule" hereafter means the Federal Rules of Bankruptcy Procedure.

[12] ECF No. 83.

[13] ECF No. 98 at 4.

[14] *Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (*quoting Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993)).

[15] *Id.*, 793 F.3d at 1182 (*quoting Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)) (internal

Because attorneys are expected to zealously represent their clients, this standard is difficult to satisfy.[16] "Ultimately, the Court has discretion in deciding whether Rule 9011 has been violated."[17] Alternatively, § 105(a) also empowers the Court to impose sanctions.[18]

The Court does not believe Keirton's filing of the Certificate of Contested Matter is unreasonable as to warrant sanctions, nor does it constitute "retaliatory litigation." Although motions pursuant to Fed. R. Civ. P. 60(b) are not required to go out on notice; there was no harm in Keirton noticing the Motion to Reconsider.[19] Since Keirton put the Motion to Reconsider out on notice and the Debtor filed an objection, Keirton was required by the Local Bankruptcy Rules to file a certificate of contested matter.[20] As such, the Court cannot find Keirton's filing of the Certificate of Contested Matter constitutes retaliatory litigation, nor that Keirton filed it solely to harass the Debtor or prevent him from pursuing claims in state court. Therefore, the Court does not find the Debtor has proven Keirton violated Rule 9011 or that Keirton should be sanctioned pursuant to § 105(a).

As to the Debtor's request that the Court require Keirton to first seek the Court's authorization before filing motions or pleadings, the Court finds such request meritless. While the Court may impose filing restrictions for particularly vexatious litigants who repeatedly file frivolous pleadings, Keirton's conduct does not warrant such restrictions.[21] Similarly, while Rule 9011 permits a court to award a prevailing party reasonable expenses incurred in opposing a motion that violates the rule, the Court finds that the Debtor is not entitled to such expenses because Keirton did not violate Rule 9011.

Lastly, the Debtor requests the Court take judicial notice of the State Court Case and that Keirton is involved in both this bankruptcy case and the State Court Case. Similarly, Keirton requests the Court take judicial notice of several pleadings filed in the State Court Case. Federal Rule of Evidence 201 states that the Court must take judicial notice if a party requests it, and the Court is supplied with the necessary information to do so.[22] Based on the assertions in the instant Motion and Keirton's response thereto,

---

quotations omitted); *In re XBridge, LLC*, 2023 WL 4696804, at *2 (Bankr. D. Colo. July 12, 2023).

[16] *In re XBridge, LLC*, 2023 WL 4696804, at *2.

[17] *Id.*

[18] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Although a court ordinarily should rely on such rules when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task."); *see In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1089 (10th Cir. 1994) ("We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in Chambers.").

[19] L.B.R. 9013-1(a)(2).

[20] *Id.* at (c)(2).

[21] *In re Nyamusevya*, 654 B.R. 581, 589 (Bankr. S.D. Ohio 2023).

[22] Fed. R. Evid. 201(c)(2).

the Court will take judicial notice that the Debtor filed a complaint against Keirton, its counsel, Buchalter P.C., and Buchalter attorney Sarah Andrzejczak personally in the District Court for Denver County, Colorado, Case No. 25CV765, and that Buchalter is involved both in the underlying bankruptcy case and the State Court Case.[23] Likewise, the Court will take judicial notice of the pleadings attached to Keirton's Judicial Notice Request.[24] The parties are advised that the Court takes judicial notice of such pleadings only to establish that they exist, and not to determine the truth of the allegations or statements contained therein.[25] Therefore, the Court

ORDERS that Keirton's Request for Judicial Notice is GRANTED. The Court will take judicial notice of the pleadings attached to Keirton's Request for Judicial Notice pursuant to Fed. R. Evid. 201(c)(2). The Court

FURTHER ORDERS the Debtor's request that the Court take judicial notice of the State Court Case, and that Buchalter P.C. is involved in the instant bankruptcy case and State Court Case is GRANTED. The Court

FURTHER ORDERS the Debtor's request the Court deem the Certificate of Contested Matter filed by Keirton constitutes retaliatory conduct pursuant to § 105(a) and Rule 9011 and to strike the Certificate of Contested Matter is DENIED. The Court

FURTHER ORDERS the Debtor's request the Court strike or deny the Motion to Reconsider is DENIED as moot. The Court

FURTHER ORDERS the Debtor's request that the Court restrict Keirton's and/or Buchalter's ability to file motions and pleadings is DENIED. The Court

FURTHER ORDERS the Debtor's request for an award of costs and reasonable expenses is DENIED.

Dated January 6, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[23] ECF No. 77 at 2, ¶ 2; ECF No. 82, ¶ 21.

[24] ECF No. 83, Exs. 1-8.

[25] *Continental Coal, Inc., v. Cunningham*, 511 F.Supp.2d 1065, 1071 (D. Kan. 2007).