**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

Mersad Rahmanovic

Debtor.

Case No. 25-12622 MER

Chapter 7

## ORDER DENYING MOTION FOR CONTEMPT AND SANCTIONS

This matter comes before the Court on the Motion for Contempt and Sanctions Against Keirton Inc., Buchalter P.C., and Attorney Sarah M. Andrzejczak (In Her Individual Capacity) for Willful Violation of the Automatic Stay and Misuse of Judicial Process ("**Motion**") filed by the Debtor, Keirton Inc.'s ("**Keirton**") objection thereto, and the Debtor's reply.[1]

## BACKGROUND

The Debtor filed the instant bankruptcy case on April 30, 2025.  Pre-petition, Keirton filed a lawsuit against the Debtor and one of the Debtor's marijuana companies, Trava LLC ("**Trava**"), in the District Court for Crowley County, Colorado ("**State Court Case**").[2]  The parties do not appear to dispute the basic facts surrounding the State Court Case.  A trial in the State Court Case was held in March of 2024.  Following the trial, a jury found in favor of Keirton and against the Debtor and Trava on some of Keirton's claims.[3]  As such, judgment was entered in favor of Keirton and against the Debtor and Trava ("**State Court Judgment**").[4]  Keirton then began efforts to satisfy the State Court Judgment.  However, Keirton asserts the Debtor and Trava were uncooperative and made extensive efforts to evade collection, including filing the instant bankruptcy case on the eve of a foreclosure sale of the Debtor's property

On May 27, 2025, the District Court for Crowley County ("**State Court**") conducted a hearing on Keirton's Motion for Citation for Contempt of Court of Defendants and for Warrant for Arrest of Mersad Rahmanovic, as Owner/Member of Trava, LLC ("**Contempt Motion**").  At the hearing, Keirton asserts it advised the State Court that the Debtor had filed for bankruptcy and, as such, Keirton was only seeking to enforce the Contempt Motion against Trava at that time.[5]  Because counsel did not

---

[1] ECF Nos. 81, 87, 117.

[2] Case No. 22CV30014; ECF No. 87, Exs. A & B.

[3] ECF No. 87, Ex. F. The jury also found in favor of Keirton on all of Trava's counterclaims against it.

[4] *Id.* at Exs. G & H.

[5] *Id.* at Ex. N.

represent Trava at the time of the hearing on the Contempt Motion, the State Court ordered Debtor to appear at the hearing as the owner of Trava and its representative.[6] The Debtor failed to appear on behalf of Trava, and the State Court issued a warrant for his arrest.[7]

Following the Debtor's failure to appear at the hearing, Keirton sent the Debtor an email advising him that the State Court was made aware of his personal bankruptcy filing and that a warrant for his arrest had been issued, given his failure to appear on behalf of Trava.[8]  Keirton advised the Debtor several times in the email that it was directed only to Trava and that nothing in the email should be construed as directed to the Debtor personally.[9]  In particular, the email stated

> Please let this serve as an email to Trava LLC only . . . The Court is aware of your personal bankruptcy filing under Chapter 13 . . . Nothing in this email is directed at you, Mersad Rahmanovic, in your personal capacity and should not be inferred as any attempt to collect any personal debt owed by you, Mersad Rahmanovic. Again, this email is directed to Trava, LLC only, as you advised the Court that you would serve as Trava's representative following the withdrawal of its previous counsel.[10]

The Debtor filed the instant Motion on October 31, 2025, five months later.  In the Motion, the Debtor asserts that despite Keirton's disclaimer that the email was only meant for Trava, the email was sent directly to the Debtor and referenced his bankruptcy case.  The Debtor also asserts that he never received notice of the hearing on the Contempt Motion and that he turned himself in to the Crowley County Sheriff upon receiving the email and learning of the arrest warrant.[11]  The Debtor further contends that these acts were designed to pressure him and to advance Keirton's post-judgment collection efforts in violation of the automatic stay.  As such, the Debtor requests this Court enter an order finding Keirton and its counsel violated the automatic stay, award the Debtor damages pursuant to § 362(k), and issue sanctions against Keirton pursuant to § 105(a) and Rule 9011.[12]  Keirton objects to the relief requested in the Motion, and asserts that it did not violate the automatic stay because the acts it took in the State Court Case were all directed at Trava, not the Debtor personally.  In

---

[6] *Id.*

[7] *Id.*

[8] ECF No. 81, Ex. 1.

[9] *Id.*

[10] *Id.*

[11] The Court cannot and will not address whether the Debtor received proper notice of the Contempt Motion Hearing, nor whether the Contempt Motion was appropriate. Any such issues must be addressed before the State Court.

[12] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code. Any use of the term "Rule" hereafter means the Federal Rules of Bankruptcy Procedure.

2

response, the Debtor again asserts that, despite Keirton's disclaimers, the email was sent to him personally, referenced collection activity related to him individually, and that he was ordered by the judge in the State Court Case to appear personally.

## ANALYSIS

The automatic stay pursuant to § 362(a) generally stays litigation, enforcement of liens, and other actions that would affect or interfere with property of the estate or the debtor.[13]  "The law is clear that the automatic stay does not stay claims against nondebtor parties."[14]  However, "[a] narrow exception to the rule provides the stay may be extended to non-debtors where there is such identity between the non-debtor defendant and the debtor that a judgment against the former will in effect be a judgment against the latter."[15]  In other words, if a non-debtor corporation is found to be the alter ego of a debtor, then the automatic stay would apply to the non-debtor corporation as well.[16]

There is no claim made either before this Court nor the State Court that Trava is the Debtor's alter ego.  Therefore, the exception to the automatic stay's application to non-debtors is inapplicable here.  As such, any actions Keirton took would have had to have been taken against the Debtor directly to be considered a violation of the automatic stay.  Here, the Court cannot find that any of Keirton's actions constitute a violation of the stay.  Trava is not a debtor in bankruptcy; thus, the automatic stay does not apply to it.  Keirton repeatedly advised the Debtor that the email sent to him after the Contempt Motion hearing was intended only for Trava.  Indeed, it seems Keirton had no choice but to contact the Debtor for matters involving Trava because Trava was unrepresented by counsel, and the Debtor does not dispute that he had previously informed the State Court that he would serve as Trava's representative in the State Court Case.  Further, Keirton advised the State Court of the Debtor's bankruptcy case, and that it intended to seek enforcement of the Contempt Motion against Trava only.  As such, it appears Keirton made every effort to ensure it did not violate the automatic stay, and none of its actions were taken directly against the Debtor.

Because Keirton did not violate the automatic stay, the Court  cannot award the Debtor damages pursuant to § 362(k), nor will it sanction Keirton pursuant to Rule 9011 or § 105(a).  Therefore, the Court

ORDERS, the Motion is DENIED.

---

[13] *In re Bridge*, 600 B.R. 98, 102 (Bankr. D.N.M. 2019) (*quoting In re Jim's Maint. & Sons Inc.*, 418 Fed.App'x 726, 728 (10th Cir. 2011)) (quotations omitted).

[14] *Id*. at 106; *In re Miller*, 262 B.R. 499, 503-04 (9th Cir. BAP 2001) (finding automatic stay did not protect debtor from complying with discovery requests so long as the requests pertained only to claims against nondebtor parties).

[15] *In re Expert South Tulsa, LLC*, 506 B.R. 298, 302 (Bankr. D. Kan. 2011).

[16] *Id*.

Dated January 6, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court