**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

Mersad Rahmanovic

Debtor.

Case No. 25-12622 MER

Chapter 7

**ORDER DENYING COMBINED MOTION, MOTION TO COMPEL ACCOUNTING, MOTION TO VOID FORECLOSURE SALE, MOTION FOR SANCTIONS, MOTION FOR CONTEMPT, AND MOTION FOR TURNOVER**

THIS MATTER comes before the Court on six motions filed by the Debtor: (i) the Combined Motion to (1) Vacate Orders Granting Relief from Automatic Stay in Favor of Sconset Resources, LLC; (2) Declare July 23, 2025, Foreclosure Sale Void as a Violation of 11 U.S.C. § 362(a); (3) Impose Sanctions Under 11 U.S.C. § 362(k); (4) Authorize Debtor to Appear and File Pro Se due to Counsel's Non-Appearance and Abandonment; and (5) Request for an Evidentiary Hearing ("**Combined Motion**"); (ii) the Motion to Compel Accounting, Payment History, and Respa Compliance; (iii) the Motion to Void Foreclosure Sale as a Violation of the Automatic Stay and Supplemental Brief in Support; (iv) the Motion for Sanctions Under 11 U.S.C. § 362(k) for Willful Violation of the Automatic Stay; (v) the Motion for Contempt for Violation of the Automatic Stay and this Court's Authority; and (vi) the Motion for Turnover and Restoration of Possession Pursuant to 11 U.S.C. § 542 and the Automatic Stay (collectively, "**Motions**") filed by the Debtor.[1] There were no responses to the Motions.

## BACKGROUND

The Debtor filed the instant bankruptcy case under Chapter 13 of the Bankruptcy Code on April 30, 2025. On May 29, 2025, one of the Debtor's secured creditors, Sconset Resources Corporation ("**Sconset**"), filed a Motion for Relief from Stay ("**Relief Motion**") to foreclose on one of the Debtor's properties, known as 1607 South Oakland Street, Aurora, Colorado 80012 ("**Property**").[2] The Debtor objected to the Relief Motion, as did another of the Debtor's creditors, Keirton Inc. ("**Keirton**").[3] Keirton also filed a motion to dismiss the Debtor's bankruptcy case ("**Dismissal Motion**").[4]

---

[1] ECF Nos. 96, 106, 107, 108, 109, & 110.

[2] ECF No. 20.

[3] ECF Nos. 36 & 37.

[4] ECF No. 31.

The Court conducted a hearing on the Relief Motion on June 25, 2025. After hearing from the Debtor, Sconset, and Keirton, the Court denied the Relief Motion without prejudice.[5] One day after the Relief Motion hearing and one day before objections to Keirton's Dismissal Motion were due, the Debtor converted his case from a Chapter 13 to a Chapter 7.[6] However, the Debtor did not file an objection to the Dismissal Motion. As a result, the Court granted the Dismissal Motion on July 7, 2025.[7] A few days later, the Debtor filed a motion to reinstate his bankruptcy case ("**Reinstatement Motion**").[8]

After the Court dismissed the case and while the Reinstatement Motion was pending, Sconset foreclosed on the Property. According to Sconset, it acquired title to the Property on July 23, 2025, and a Confirmation Deed confirming transfer of title was recorded with the Arapahoe County Clerk and Recorder on August 5, 2025. On August 13, 2025, the Court entered an order granting the Reinstatement Motion.[9] After the case was reinstated, Sconset filed a second motion for relief from stay ("**Second Relief Motion**").[10] In the Second Relief Motion, Sconset sought relief from the automatic stay to initiate an eviction proceeding in state court and thereby gain possession of the Property.[11] No one, including the Debtor, objected to the Second Relief Motion. As such, an order granting the Second Relief Motion was entered on September 26, 2025.[12]

Nearly two months after the Second Relief Motion was granted, the Debtor filed the Combined Motion asserting, among other things, that because Sconset foreclosed on the Property while the Reinstatement Motion was pending, Sconset violated the automatic stay, and the foreclosure sale is void. The Debtor subsequently filed the other Motions, as well as two "emergency" motions requesting the Court enter a temporary restraining order halting the eviction of Debtor's tenants from the Property ("**Emergency Motions**").[13] On November 25, 2025, the Court entered an order denying the Emergency Motions and incorporates such order within.[14]

---

[5] ECF No. 42.

[6] ECF No. 44.

[7] ECF No. 53. The Court granted the Dismissal Motion in part. The Court dismissed the bankruptcy case, but declined to grant Keirton's request for a 180 day filing bar.

[8] ECF No. 54.

[9] ECF No. 57.

[10] ECF No. 62.

[11] *Id.* at 6.

[12] ECF No. 71.

[13] ECF Nos. 103 & 105.

[14] ECF No. 112.

**ANALYSIS**

A.  **Sconset's Foreclosure of the Property is Valid**

Nearly all of the Debtor's Motions are predicated on the same argument: that Sconset's foreclosure of the Property is void because it took place while the Reinstatement Motion was pending and therefore, was done in violation of the automatic stay. As this Court stated in its order denying the Emergency Motions, the foreclosure of the Property is not void because it occurred while the case was dismissed.[15] When a case is dismissed, the automatic stay immediately terminates.[16] While the automatic stay is automatically reinstated upon the reinstatement of a bankruptcy case, the stay cannot be retroactively reimposed.[17] This means that the automatic stay is not in effect during the period between dismissal and reinstatement. This also means that any legally permissible actions taken by creditors during the gap between dismissal and reinstatement are valid.[18] This is true even if there is a pending motion to reinstate the bankruptcy case.

Sconset's foreclosure of the Debtor's Property occurred after his case was dismissed and before it was reinstated. Therefore, the foreclosure sale is valid. Further, the Debtor has provided no evidence that Sconset initiated eviction proceedings after the case and automatic stay were reinstated and before the Court granted its Second Relief Motion. Accordingly, the Court finds that any eviction proceeding initiated by Sconset relating to the Property does not violate the automatic stay. Because the Court finds that Sconset did not violate the automatic stay, it cannot award the Debtor damages pursuant to § 362(k), nor will it impose sanctions on Sconset.[19]

B.  **The Court Will Not Order the Turnover of the Property**

The Debtor also requests that the Court turn over title to and possession of the Property pursuant to § 542.[20] In support of his request, the Debtor argues that the Property must be turned over to him because the foreclosure sale is void. As the Court explained above and in its order denying the Emergency Motions, the foreclosure sale is not void because the automatic stay was not in effect at the time it was completed.

---

[15] *Id.* at 2-3.

[16] *In re Murphy*, 493 B.R. 576, 579 (Bankr. D. Colo. 2013) (*citing Martir Lugo v. De Jesus Saez (In re De Jesus Saez)*, 721 F.2d 848, 851-52 (1st Cir. 1983)).

[17] *Id.* at 580.

[18] *Id.* ("This refusal to make the stay retroactive stems from an unwillingness to invalidate legally permissible actions creditors may have taken during the gap to enforce their rights.").

[19] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[20] ECF No. 110.

Because the foreclosure sale is valid, the Property is no longer property of the bankruptcy estate and thus is not subject to turnover. Further, even if the Property were subject to turnover, it would not be returned to the Debtor. Rather, § 542 states that property the trustee may use, sell, lease, or that the debtor may exempt, shall be delivered to the *trustee*.[21] As such, the Court cannot order that the Property be turned over to the Debtor.

### C. Sconset Did Not Violate the Real Estate Settlement Procedures Act

Lastly, the Debtor asserts that Sconset, as a mortgage creditor, violated specific provisions of the Real Estate Settlement Procedures Act ("**RESPA**") by failing to provide the Debtor with, among other things, complete payment histories, escrow statements, and accounting records.[22] The Debtor contends Sconset's failure to provide him with these documents deprived him of the ability to cure any default of Sconset's mortgage on the Property, deprived him of his ability to dispute any accounting errors, and deprived him of reinstatement options. The Debtor further asserts that because he was deprived of these options, the foreclosure sale of the Property is procedurally defective.

RESPA only applies to persons who make federally related mortgage loans.[23] Federally related mortgage loans are defined in relevant part as

> Any loan (other than temporary financing such as a construction loan) which (A) is secured by a first or subordinate lien on a residential real property . . . and (B)(i) is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or (ii) is made in whole or in part . . . by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program . . . or (iii) is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution . . . or (iv) is made in whole or in part by any "creditor," as defined in section 1602(f) of title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year . . . .[24]

Section 1602 of Title 15 defines "creditor" as a person who regularly extends consumer credit. The Debtor has not alleged, nor has he provided evidence, that Sconset's loan on the Property meets the definition of a federally related mortgage loan. Indeed, the Debtor lists Sconset's loan as a business debt/commercial loan on his

---

[21] 11 U.S.C. § 542(a).

[22] ECF No. 106.

[23] 12 U.S.C. § 2605(a); 12 C.F.R. § 1024.5(a).

[24] 12 U.S.C. § 2602(1).

schedules.[25]  RESPA does not apply to commercial loans.[26]  Absent a showing that RESPA applies to Sconset, Debtor's RESPA claim fails.

Further, the Debtor's own pleadings indicate he was not deprived of any opportunity to cure the default of Sconset's mortgage.  Sconset's Relief Motion included a breakdown of the amounts owed, and the Debtor asserted in his objection to the Relief Motion that his brother and other family members would likely be able to pay the full amount due to Sconset.[27]  As such, it appears the Debtor was aware of the amount owed to Sconset and had an opportunity to either repay that amount in full or enter into a repayment plan with Sconset before the foreclosure sale.

## CONCLUSION

For the reasons stated above, the Court ORDERS, the Motions are DENIED.

Dated January 6, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[25] ECF No. 1, Schedule D at § 2.4.

[26] 12 C.F.R. 1024.5(b)(2); *West Ridge Group, LLC v. First Trust Co. of Onaga*, 414 Fed.Appx. 112, 119 (10th Cir. 2011).

[27] ECF No. 20, ¶ 14; ECF No. 37, ¶ 2.